■ CRYSTAL ZIZZI, as Administratrix of the Personal Estate of JOHN ZIZZI, Deceased, Respondent, v. STANLEY L. EVANS, as Administrator of the Estate of ALBERT CASTELLI, Deceased, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: In our opinion the defendant was prejudiced by the attempt of the plaintiff to show causal connection between the accident and the carcinoma of the lung from which plaintiff was suffering at the time of the trial. There is no claim that plaintiff was surprised by the testimony of his physician that it was impossible for the latter to express an opinion as to such causal relationship. It seems plain from statements of counsel made upon the record at the commencement of the trial that the doctor, if called, would testify as he did. While the jury was instructed to disregard the testimony we cannot conclude in view of the amount of the award that the admonition was followed. Moreover, the trial court erred in instructing the jury that the testimony of the plaintiff that after the car went over the curb, the driver, who was killed in the accident, turned the wheel to the left eliminated the inference that the driver might have suffered some illness, which caused him to lose consciousness. This, of course, invaded the province of the jury and removed from its consideration the credibility of plaintiff's testimony on this subject. All concur. (Appeal from a judgment of Oneida Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

■ WILLIAM A. MCCARTHY, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No 31157.) — Judgment modified on the facts by increasing the award to the sum of $13,000 and interest, and as so modified affirmed, with costs to the claimant. Certain finding of fact disapproved and reversed and new finding made. Memorandum: In our opinion the award was inadequate and claimant is entitled to an award against the State of New York in the sum of $13,000, for his pain, suffering, temporary and permanent injuries, and for future pain, suffering and diminution of earning capacity. All concur. (Cross appeals from judgment of Court of Claims for claimant on a claim for damages for personal injuries alleged to have been sustained by reason of negligent condition of machine in State Prison.) Present — McCurn, P. J., Vaughan, Wheeler, Williams and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PERRY WILLIAMS, Appellant, et al., Defendant.— Judgment of conviction affirmed. All concur, except Williams, J., who dissents and votes for reversal and for granting a new trial, because of errors in the charge of the court. (Appeal by defendant Williams from a judgment of Erie Trial Term, convicting defendants of the crime of robbery, first degree, on each of three counts.) Present — McCurn, P. J., Vaughan, Wheeler, Williams and Bastow, JJ.